**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHER DISTRICT OF FLORIDA**

| | |
|---|---|
| ARLENE WEISSBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BAPTIST HEALTH SOUTH FLORIDA, INC.,<br><br>Defendant. | Case No. ____________________<br><br>Removed from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2025-014897-CA-01 |

## NOTICE OF REMOVAL

Defendant Baptist Heath South Florida, Inc. ("Baptist Health") hereby removes this action currently pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("the State Court Action") to the United States District Court for the Southern District of Florida, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendant states as follows:

## NATURE OF REMOVED ACTION

1) On August 5, 2025, Plaintiff filed a Class Action Complaint against Baptist Health asserting claims for negligence and breach of fiduciary duty in connection with a data security incident involving unauthorized access to patient data hosted by Cerner Corporation—an electronic-health-record vendor and subsidiary of Oracle Corporation—on behalf of its clients, including Baptist Health (the "Incident").

2) Following notice of the Incident, numerous plaintiffs filed putative class action complaints in multiple jurisdictions raising identical claims against Oracle

Corporation, Cerner Corporation, and/or Baptist Health. To date, 26 actions bringing claims regarding the Incident against Cerner Corporation, Baptist Health and similarly impacted entities have been consolidated in the Western District of Missouri before Chief Judge Beth Phillips. S*ee In re: Cerner/Oracle Data Breach Litig.*, Case No. 4:25-cv-00259-BP.

3) Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on Baptist Health in the State Court Action are attached hereto as **Exhibit B**.

**GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(d)**

4) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5) This action is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Pursuant to CAFA, where a proposed class involves 100 or more class members, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5).

6) "[N]o antiremoval presumption attends cases invoking CAFA. . . . [Instead,] CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7) Each of the CAFA requirements is met here.

**A. This is a class action with more than 100 putative members.**

8) Plaintiff seeks to represent a nationwide putative class of "[a]ll persons whose PHI was accessed and/or exfiltrated during the Data Breach Incident." (Ex. A, Compl. ¶ 69.)

9) More than 1,000 individuals were provided notice by Baptist Health that their information was involved in the Incident. Thus, the proposed class meets the 100-person CAFA requirement.

**B. Minimal diversity exists.**

10) Minimal diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11) A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

12) Baptist Health is incorporated in Florida and maintains its principal place of business in Florida. Thus, Baptist Health is a citizen of Florida.

13) Plaintiff also alleges she is a citizen of Florida. (Ex. A, Compl. ¶ 14.)

14) That said, the class includes citizens of states besides Florida. Indeed, numerous individuals that are citizens of other states received notice that their personal information was involved in the Incident. *See, e.g.*, *Henry et al. v. Baptist Health South Florida, Inc. et al.*, Case No. 1:25-cv-23528, ECF 1 (similar claims brought by citizens of Indiana and Maine seeking to represent a nationwide class of all persons impacted by the same Incident which they allege includes thousands of patients).

15) Because there is at least one member of the class that is a "citizen of a State different from [Baptist Health]," CAFA's minimal diversity requirement is met.

**C. The amount in controversy is satisfied.**

16) Evidence is not required to establish the amount in controversy in a notice of removal—instead, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $5 million." *Thompson v. Procter and Gamble Co.*, 2018 WL 11459450, at *1 (S.D. Fla. June 13, 2018) (citing *Dart Cherokee*, 574 U.S. at 89).

17) Although Defendants deny Plaintiff's allegations—and fully reserve their rights to contest their adequacy—Plaintiff's request for damages, injunctive relief and attorney's fees on behalf of herself and a nationwide class is sufficient to exceed the jurisdictional threshold. Indeed, CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

18) Here, Plaintiff alleges the value of her claims "exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees" and that her claims are "typical of the claims of the Class members, as they are all based on the same factual and legal theories." (Ex. A, Compl. ¶¶ 16, 75.) The proposed class is made up of at least 1,000 individuals. If every member of the proposed class has a claim worth the same amount as Plaintiff's, the amount in controversy is easily satisfied. *See, e.g.*, *Torres v. Countrywide Home Loans, Inc.*, 2014 WL 3742141, at *2 (S.D. Fla. July 29, 2014) ("Plaintiff also states that his claims are typical of the claims of all class members. . . . [I]f every member of the proposed class has a claim worth the same amount as Plaintiff's, the amount in controversy is easily

satisfied."); *Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236 (S.D. Fla. 2011) (plaintiff's class action complaint pleading that her claims exceeded the $15,000 jurisdictional limit in Florida state court was sufficient to meet the CAFA amount-in-controversy requirement where the class consisted of 100,000 people—"[T]he requisite amount of controversy of $5,000,000.00 is evident on the face of the complaint as 100,000 times $15,000.00 exceeds $5,000,000.00."); *Perret v. Wyndham Vacation Resorts, Inc.*, 2012 WL 592171, at *2 n.3 (S.D. Fla. Feb. 22, 2012) (same; "[I]n order to meet the typicality requirement of the class and given the nature of the claims, the conservative $15,000 amount of the named Plaintiffs' alleged damages should be similar to the amount of the damages of the other class members. This too would mean that the amount in controversy exceeds the $5,000,000 requirement ($15,000 x 1,000=$ 15,000,000)."). *See also* Compl. ¶ 77 (alleging the aggregate damages are in the millions of dollars).

19) Plaintiff also seeks injunctive relief and attorney's fees—both of which are properly included in the calculation of, and further increase, the amount in controversy. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

20) Because Plaintiff is plausibly seeking in excess of $5,000,000 in damages and other relief related to the individual and proposed class-wide claims, the amount in controversy is satisfied.

21) This matter, therefore, satisfies all requirements of 28 U.S.C. § 1332(d) and properly belongs in federal court pursuant to CAFA.

## VENUE IS PROPER

22) This Court is in the judicial district and division embracing the place where Plaintiff filed the State Court Action and where it is pending. Specifically, the United States

District Court for the Southern District of Florida embraces the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* 28 U.S.C. §§ 1441, 1446.

### TIMELINESS OF REMOVAL

23) Plaintiff served Baptist Health with her Complaint on August 8, 2025.

24) Baptist Health filed this Notice within 30 days after service of the Complaint on Baptist Health. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

### PRAYER FOR REMOVAL

WHEREFORE, Baptist Health respectfully request that the above action now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to the United States District Court for the Southern District of Florida.

Dated: August 28, 2025 Respectfully submitted,

By: */s/ Julie Singer Brady*

Julie Singer Brady (389315)
**BAKER & HOSTETLER LLP**
200 South Orange Ave., Ste. 2300
Orlando, FL 32801
Tel: 407.649.4000
Fax: 407.841.0168
jsingerbrady@bakerlaw.com

Gilbert S. Keteltas (*pro hac vice* forthcoming)
Elizabeth A. Scully (*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave., N.W., St. 1100
Washington, D.C. 20036-5304
Tel: 202.861.1596
Fax: 202.861.1783
gketeltas@bakerlaw.com
escully@bakerlaw.com

*Counsel for Baptist Health South Florida, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2025, a true and correct copy of the foregoing document was served via email and U.S. mail upon the following:

Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com

Jibrael S. Hindi, Esq.
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301

*Attorneys for Plaintiff and the Putative Class*

*/s/ Julie Singer Brady*
*Counsel for Baptist Health South Florida, Inc.*